**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALGI CRAWFORD, XAVIER HARRISON, and KEVEEN GORIS *on behalf of themselves and others similarly situated*,<br><br>*Plaintiffs*,<br><br>-against-<br><br>LEEDING BUILDERS GROUP, LLC, and AECOM,<br><br>*Defendants*. | No.<br><br>**FLSA COLLECTIVE AND RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Algi Crawford ("Crawford"), Xavier Harrison ("Harrison"), and Keveen Goris ("Goris," collectively "Plaintiffs"), on behalf of themselves and others similarly situated, bring this action for damages and other legal and equitable relief against defendants Leeding Builders Group, LLC, ("LBG") and AECOM ("AECOM", collectively "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiffs and the proposed class were employed as construction workers working at Defendants' construction sites in New York performing almost entirely physical labor, and being paid bi-weekly.

2. Plaintiffs worked for Defendants as laborers at construction sites in New York County and Kings County were paid bi-weekly at all times.

3. Plaintiffs and other Manual Workers need to be paid weekly to keep up with day to day expenses such as housing and transportation costs, groceries, utilities, and other regular bills, and in order to obtain the full value of their earned wages as due. Defendants violated New York State Labor Law ("NYLL") by not paying their Manual Workers on a timely and weekly basis as required.

4.   Plaintiffs allege that they and the proposed class performed almost entirely physical tasks for Defendants and therefore qualified as Manual Workers under NYLL § 191, but were paid bi-weekly on an untimely basis, instead of weekly, as required under NYLL. Plaintiff is entitled to recover from Defendant: (1) liquidated damages for untimely wage payments; (2) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

5.   Plaintiffs further allege on behalf of themselves that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that Defendants failed to pay Plaintiffs overtime pay by engaging in a practice of automatically deducting 30 min meal breaks that Plaintiffs were unable to take, including during multiple weeks when Plaintiffs worked in excess of 40 hours.  Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime compensation for weeks when he was unable to take meal breaks and in which he worked over forty hours; (2) liquidated damages on those amounts; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

6.   Plaintiffs also allege on their on behalf that, pursuant to the New York Labor Law "NYLL," as a result of Defendants' practice of deducting meal breaks that they were unable to take, the are entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## **PARTIES**

7.   Plaintiff Algi Crawford is an adult, over eighteen years old, and citizen of New York State residing in Bronx County.

8.   Plaintiff Xavier Harrison is an adult, over eighteen year old, and citizen of New York residing in New York County.

9.   Plaintiff Keveen Goris is an adult, over eighteen year old, and citizen of New York residing in Kings County.

10.  Plaintiffs were throughout their entire employment with Defendants, covered, non-exempt employees within the meaning of the FLSA and NYLL.

11.  Plaintiffs were employed in the State of New York, wrongfully deprived of overtime wages under the FLSA and minimum wages, and wrongfully deprived of overtime pay, and timely pay in violation of the NYLL.  They were also deprived of compliant and accurate annual wage notices and compliant and accurate periodic wage statements in violation of the NYLL.

12.  Defendant Leeding Builders Group, LLC operates a building construction contracting business, providing labor and constructing hotels, condominiums, and other residential and commercial buildings in New York State.

13.  Defendant Leeding Builders Group, LLC is a domestic limited liability company with its service of process address located at 33 East 33rd Street, 7th Floor, New York, New York, 10016.  Defendant Leeding Builders Group, LLC is the employer entity listed on Plaintiffs' pay stubs.

14.  Defendant AECOM is a foreign business corporation formed under the laws of the State of Delaware with its headquarters located in the State of Texas.  AECOM's service of process address is listed as 28 Liberty St., New York, New York, 10005 with its principal executive offices located at 13355 Noel Road, Suite 400, Dallas, Texas, 75240.

15.  Plaintiffs' pay stubs state "PLEASE CONTACT THE AECOM EMPLOYEE CENTER WITH QUESTIONS  833-992-3266."  Plaintiffs' pay stubs also list the employer address

for Leeding Builders Group, LLC as 4840 Cox Road, Glen Allen, VA, 23060.  A Google

Maps search for that address returns a result for an AECOM building.

16. Plaintiffs received job offer letters and disciplinary letters on AECOM letterhead.

17. Defendant Leeding Builders Group, LLC's website,

https://www.leedingbuildersgroup.com/about, includes the following description in the

site's "About" section:

> "The best of both worlds.  Leeding Builders Group is a unique blend of a
> hands-on builder backed by the vast resources of parent company
> AECOM's construction management business – all delivered within the
> framework of an open shop model."

18. Upon information and belief, Leeding Builders Group, a construction company

headquartered in New York, was acquired by AECOM, a foreign business corporation

headquartered in Texas, before Plaintiffs began working for Defendants.  It was common

knowledge among Plaintiffs and the proposed class that Leeding was a subsidiary of

AECOM.

19. Defendants are considered a large employer, having at least 11 or more employees during

the duration of Plaintiffs' employment.

20. Defendants each maintained control, oversight, and direction over Plaintiffs in regards to

timekeeping, payroll, and other employment practices, and functioned as an employer

pursuant to the NYLL.

21. Defendants, by virtue of ownership, management, and control over the wages and work

of Plaintiffs, are each considered an employer under the FLSA and NYLL.

22. Defendants jointly own and operate a construction business in New York State.

23.   Defendants maintained control, oversight, and direction over Plaintiffs in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

## JURISDICTION AND VENUE

24.   This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiffs and the members of the proposed class are citizens of states different from that of Defendants.

25.   This Court also has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

26.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendants maintain a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## STATEMENT OF FACTS

27.   Plaintiffs allege the below facts according to their recollection and based on limited evidence they have retained from their employment.  Plaintiffs reserve the right to provide a more precise statement of wage and hour information after obtaining the relevant records through discovery in this action, including the records required by 12 NYCRR § 146-2.1.

28.   Upon information and belief, Plaintiffs' alleged facts are consistent among members of the proposed class.

**Plaintiff Algi Crawford**

29. Plaintiff Crawford began working for Defendants in or around March 2020 as a laborer until the end of his employment around March 2022.

30. Plaintiff worked at several of Defendants' construction projects, including at an apartment complex at 1 Boerum Pl, Brooklyn, NY 11201, a condominium building at 250 W 96th St, New York, NY 10025, and at the Grayson Hotel at 30 W 39th St, New York, NY 10018.

31. Plaintiff observed that at each construction site, Defendants would employ 1-2 construction foremen, approximately 6-7 laborers, as well as additional construction workers in specific building trades.

32. Plaintiff worked full time for Defendants, working at least 40 hours per week, and often more than 40 hours per week.

33. Plaintiff was an hourly employee.

34. He was non-exempt in that he performed manual labor tasks.

35. His primary tasks included: transporting construction materials; working with and building with a variety of construction materials, including wood, plastic, fiberglass, concrete, and drywall; and frequently lifting 50 pounds or more.

36. Despite performing almost entirely physical tasks and qualifying as a Manual Worker, under NYLL § 191, Defendants Plaintiff Crawford on a bi-weekly basis.

37. At all relevant times, Defendants paid Plaintiff approximately $22 per hour as his regular wage rate and $33 per hour as his time and one-half overtime rate.

38. At all times relevant during Plaintiff's employment, he routinely worked full time, typically five days per week, for a minimum 40 hours per week, but often overtime hours between 50 and 70 hours per week.

39. On a regular basis due to work volumes and construction project deadlines, Defendants would require Plaintiff to stay late and work overtime hours.

40. Although Plaintiff clocked in and out when arriving at and leaving Defendants' job sites, he was not instructed to clock in and out for his lunch breaks and was not provided a means of doing so.

41. Upon information and belief, Defendants automatically deducted 30 minute meal breaks from Plaintiff's pay.

42. Plaintiff observed that Defendants would pay him for 8 hours of work, not 8 ½ hours, if he began work at 7 am and left for the day at 3:30 pm.

43. Despite Defendants' practice of automatically deducting meal breaks, Plaintiff was unable to take a 30 min lunch break approximately 30 times during his employment.

44. For example, one of Plaintiff's primary duties was to transport large amounts of materials using construction elevators, pallet jacks, and dollies to teams of skilled trade workers.

45. On those occasions, due to work demands and deadlines, Plaintiff was expected to transport the materials as quickly as possible and was not permitted to take a meal break if those materials were needed around lunch times.

46. Many, if not most, of these missed meal breaks occurred during weeks when Plaintiff also worked overtime hours due to Defendants' workflow demands and project and inspection deadlines.

47. Plaintiff also estimates that Defendants shorted him on his hours on at least four occasions when more than one of Defendants' foremen failed to properly record and submit his hours.  On these occasions, Plaintiff brought the missing hours to Defendants' attention and the wages, hundred of dollars each time, were paid late by

being added onto his next paychecks.

**Plaintiff Xavier Harrison**

48. Plaintiff Harrison began working for Defendants in or around September or October 2021 as a laborer until the end of his employment on or around June 30, 2022.

49. Harrison worked at several of Defendants' construction projects in New York County, including at 1045 Madison Avenue, New York, New York, 10075.

50. Plaintiff Harrison worked full time for Defendants, working at least 40 hours per week Monday to Friday, and usually working Plaintiff on Saturdays as well for an additional eight hours of overtime every week.

51. He was non-exempt in that he performed manual labor tasks.

52. His primary tasks included: transporting construction materials; working with and building with a variety of construction materials, including wood, plastic, fiberglass, concrete, and drywall; and frequently lifting 50 pounds or more.

53. Despite performing almost entirely physical tasks and qualifying as a Manual Worker, under NYLL § 191, Defendants Plaintiff Harrison on a bi-weekly basis.

54. Harrison was paid a regular rate of $22 per hour, and a $33 per hour overtime rate for hours worked over 40.

55. Defendants frequently required Plaintiff Harrison to work on federal holidays and did not pay him beyond his regular hourly rate.

56. Defendants' work demands, especially when they were attempting to meet construction deadlines and be awarded certain monetary incentives in their construction contracts meant that Harrison and other similarly situated employees working for Defendants would be unable to take a 30 min uninterrupted meal break.

57. Despite being ordered back to work mid-lunch break, or not being allowed to take any

lunch break at all, in order to meet construction deadlines, Defendants automatically

deducted 30 mins from every day that Plaintiff Harrison worked for Defendants.

58.  According to Plaintiff Harrison's best recollection, he was unable to take a 30 min meal

break while working for Defendants more than half the time.

**Plaintiff Keveen Goris**

59.  Plaintiff Goris began working for Defendants in or around December 2021 as a laborer

until the end of his employment around August 2022.

60.  Goris worked at several of Defendants' construction projects, mainly in New York

County, including at a construction site located at 182nd and 3rd Avenue in Manhattan,

and one construction site located in the Williamsbridge neighborhood in Brooklyn.

61.  Plaintiff Goris worked full time for Defendants, working at least 40 hours per week and

often worked overtime.

62.  He was non-exempt in that he performed manual labor tasks.

63.  His primary tasks included: transporting construction materials; working with and

building with a variety of construction materials, including wood, plastic, fiberglass,

concrete, and drywall; and frequently lifting 50 pounds or more.

64.  Despite performing almost entirely physical tasks and qualifying as a Manual Worker,

under NYLL § 191, Defendants Plaintiff Goris on a bi-weekly basis.

65.  Harrison was paid a regular rate of $22 per hour, and a $33 per hour overtime rate for

hours worked over 40.

66.  According to Plaintiff Goris's observations, each of Defendants' worksites employed

approximately 8 laborers, a foreman, and a superintendent.

67.  Although the schedule at each job site varied to some degree, Goris and his workers

would typically take a coffee break at 9 am and attempt to take a 30 min lunch break at

noon.

68. Due to the demands of the job and construction schedules, Plaintiff Goris was frequently unable to take his 30 min meal break at noon, but he would try to take it later in the day.

**All Plaintiffs**

69. At all times, Defendants paid Plaintiffs and the proposed class on a bi-weekly basis.

70. Plaintiffs' job duties, and those of the proposed class, consisted of entirely physical tasks, performing physical tasks well over 25% of the time, qualifying them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

71. Because of Defendants' improper compensation policies, Plaintiffs were deprived of timely and weekly pay, in direct violation of the NYLL.

72. Because of Defendants' improper compensation policies, Plaintiffs were deprived of pay, in direct violation of the NYLL and FLSA.

73. This pattern of conduct was continuous throughout Plaintiffs' employment.

74. Defendants' unlawful conduct has been widespread, repeated, and consistent.

75. Plaintiffs and the proposed class suffered actual and acute injuries as a result of Defendants' failure to pay weekly wages as required under the NYLL. The timely payment of earned wages were and are crucial to Plaintiffs' and the proposed class's ability to pay day to day and monthly expenses, especially due to the New York area's high cost of living.  Defendants' conduct in paying Plaintiffs' wages late throughout their employment resulted in them having to pay bills late on more than one occasion.

76. Defendants' late wage payments also deprived Plaintiffs and the proposed class of the time value of their earned money, resulting in tangible financial loss calculated as interest and in other amounts; and loss in the form of the negative impact on their ability to save, invest, and plan for the future. The Defendants reaped large profits as a direct

result of its Manual Workers' labor, taking in millions in annual revenue, while

unlawfully withholding from and paying late its employees who are least able to

weather these unjust delays.

77.    Defendants failed to provide a regular, uninterrupted lunch break of at least 30 minutes

to their employees within the time windows required by law.

78.    Defendants routinely deducted 30 minutes for meal breaks, without accounting for

breaks not actually taken; breaks that were not at least 30 minutes in length; and/or

breaks that were taken outside of the window of time permissible by law based on the

employee's length of shift and hours of work.

## COLLECTIVE ACTION ALLEGATIONS

79.    Plaintiffs bring this action individually and as class representatives on behalf of the

"Proposed FLSA Collective" defined as:

> All current and former hourly employees of Defendants working as laborers at
> construction sites in New York State during the three year period prior to the
> filing of this Complaint.

80.    Upon information and belief, the total number of members of the proposed collective

action class is so numerous that joinder of all members is impracticable.  Although the

precise number of such persons is unknown, and the facts upon which the calculation of

that number are presently within the sole control of the Defendants, upon information

and belief, there are more than two hundred (200) Collective Action Members who

worked for the Defendants during the Collective Action Period, most of whom would

not be likely to file individual suits because they lack adequate financial resources,

access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this

matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

81.    Plaintiffs will fairly and adequately protect the interests of the Collective Action

Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

82. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

83. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

84. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    1. Defendants' policies and practices regarding employee break when working on constructions sites in New York;

    2. Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

3. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

4. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

5. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

6. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements;

7. Whether the Defendants failed to pay Plaintiffs and the Collective Action Members at the overtime rate of time and one-half for hours worked in excess of 40 hours per workweek; and

8. Whether Defendants' time-keeping and compensation practices resulted in a failure to pay Plaintiffs and the Collective Action Members in full for all of their overtime hours worked.

85. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

86. Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## **RULE 23 CLASS ACTION ALLEGATIONS**

87. The Proposed Class is defined as:

> All non-exempt hourly employees working for AECOM in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

88. Plaintiffs hereby state that the Class Period shall to the extent permitted by law be

expanded to account for all claims made timely by virtue of Governor Cuomo's March
20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8),
and all subsequent and similar order, including but not limited to, Executive Orders
202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

89.   The members of the Proposed Class are so numerous that joinder of all members is
impracticable, and the disposition of their claims as a class will benefit the parties and
the Court.

90.   Upon information and belief, there are more than 400 class members and the Plaintiffs'
claims are typical of those other members, in that any one would seek the same
discovery, make the same legal arguments, and rely on the same factual record for
summary judgment.

91.   Plaintiffs and the Proposed Class have all been injured in that they have been
uncompensated, under-compensated, or untimely compensated due to Defendants'
common  policies, practices, and patterns of conduct.

92.   Defendants' corporate-wide policies and practices affected everyone who worked in
every store in the same way.

93.   AECOM had a company-wide policy of paying its New York State non-exempt workers
performing manual tasks on a bi-weekly basis.

94.   Plaintiffs received hiring notices and disciplinary notices directly from AECOM and
their bi-weekly pay stubs directed employees to contact AECOM's central human
resources number with any questions.

95.   Plaintiffs are able to fairly and adequately protect the interests of the Proposed Class and
have no interests antagonistic to it.

96.   Plaintiffs are represented by attorneys who are experienced and competent to bring this

action.

97.   A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of wage and hour litigation

where  individual class members lack the financial resources to vigorously prosecute a

lawsuit against  corporate defendants. Class action treatment will permit a large number

of similar persons to  prosecute their common claims in a single forum simultaneously,

efficiently, and without the  unnecessary duplication of efforts and expense that

numerous individual actions engender.

98.   Common questions of law and fact exist as to the Proposed Class that predominate  over

any questions only affecting Plaintiffs and/or each member of the New York Class

individually  and include, but are not limited to, the following:

    1. What job duties are performed by employees?

    2. What is the frequency of pay for the employee?

    3. Does the employee spend at least 25% of the time at work engaged in

    physical labor?

    4. What were the characteristics of the annual wage notices and periodic wage

    statements provided to the employee?

    5. Was the employee paid in full for all hours worked?

    6. Was the employee properly paid at the overtime rate of time and one-half

    for each hour worked in excess of 40 hours per week?

## STATEMENT OF CLAIMS

### COUNT I: FLSA Unpaid Overtime

### Brought on Behalf of Plaintiffs and the FLSA Collective

99.  Plaintiffs reallege and reaver each and every allegation and statement contained in
     paragraphs above of this Complaint as if fully set forth herein.

100. At all relevant times, upon information and belief, Defendants were and continue to be an
     employer engaged in interstate commerce and/or the production of goods for commerce
     within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are
     covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

101. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

102. Upon information and belief, at all relevant times, Defendants have had gross revenues in
     excess of $500,000.

103. Plaintiffs were entitled to be paid in full for all hours worked and paid at the rate of time
     and one-half for all hours worked in excess of the maximum hours provided for in the
     FLSA. As a result of improperly deducting meal breaks that Plaintiffs were unable to take
     during weeks in which he worked over 40 hours, Defendants failed to pay Plaintiffs
     overtime compensation in the lawful amount for all hours worked in excess of the
     maximum hours provided for in the FLSA.

104. At all relevant times, as a result of its policy of automatically deducting 30 min meal
     breaks that Plaintiffs were unable to take, Defendants had, and continues to have a policy
     and practice of refusing to pay overtime compensation at the statutory rate of time and
     one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week,
     which violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and
     215(a).

105. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs.

106. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

107. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

108. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

109. Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

110. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b)

## COUNT II: NYLL – Overtime Pay and Minimum Wages

### Brought on Behalf of Plaintiffs and the Rule 23 Class

111. Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

112. Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

113. Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay Plaintiffs the applicable required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

114. Defendants also knowingly and willfully violated the rights of Plaintiffs by failing to pay Plaintiffs for all hours worked through their policy of deducting 30 minute meal breaks that Plaintiffs were unable to take.

115. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

116. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants the difference between his actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

**COUNT III: Late Wage Payments Under the NYLL**

**Brought on Behalf of Plaintiffs and the Rule 23 Class**

117. Plaintiffs re-allege and re-aver each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein

118. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiffs.

119. Defendants failed to pay Plaintiffs and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

120. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

121. All of Defendants' construction workers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

122. As such, the failure to provide wages owed to Plaintiffs and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc*., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Associates. Contr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

123. Defendants' conduct also constitutes an "injury in fact" suffered by Plaintiffs and the New York Class under Article III that is within the federal judicial power because Plaintiffs and the New York Class have "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See Caul v. Petco* (infra).

124. Due to Defendants' violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendants compensatory damages in an amount to be determined in this action, plus the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**COUNT IV: Failure to Provide Complaint Wage Notice Under NYLL**

**Brought on Behalf of Plaintiffs and the Rule 23 Class**

125. Plaintiffs re-allege and re-aver each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

126. Defendants have willfully failed to supply Plaintiffs with annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

hourly rate or rates of pay and overtime rate or rates of pay if applicable; *the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191*; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. (emphasis added)

127. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**COUNT V: Failure to Complaint Wage Statements Under NYLL 193(3)**

**Brought on Behalf of Plaintiffs and the Rule 23 Class**

128. Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

129. Through their knowing or intentional failure to provide Plaintiffs with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

130. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand

dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, demand judgment against Defendants as follows:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this action, to the Proposed FLSA Collective and Rule 23 Classes;

b. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Designation of Plaintiffs Crawford, Hariston, and Goris as representatives of the New York Rule 23 Class and  counsel of record as Class Counsel;

d. An award for unpaid wages under the FLSA and NYLL, plus prejudgment interest;

e. an award of liquidated damages in the amount of the unpaid wages;

f. liquidated damages for late wages;

g. an award of statutory penalties pursuant to NYLL 198;

h. attorneys' fees and costs; and

i. granting such other and further relief as this Court deems necessary and proper.

Dated:   New York, NY
         August 17, 2023

*Respectfully Submitted,*

Mohammed Gangat, Esq.
LAW OFFICE OF MOHAMMED GANGAT
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com