```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
ALGI CRAWFORD, XAVIER HARRISON,
and KEVEEN GORIS on behalf of
themselves and all others similarly situated,

                        Plaintiffs,

        -against-

LEEDING BUILDERS GROUP, LLC and
AECOM,

                        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/2024
```

23 Civ. 7290 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The complaint in this action alleges, among other things, that Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). *See* Compl. ¶ 5, ECF No. 1. On February 5, 2024, the parties submitted a stipulation of voluntary dismissal of this action without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See* ECF No. 28.

       Where parties have reached a settlement of an FLSA claim, they cannot voluntarily dismiss the action under Rule 41(a) as doing so would amount to an end-run around the Court's obligation to scrutinize the settlement for fairness. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 809–10 (2d Cir. 2022). In our Circuit, FLSA settlements "require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The purpose of the review process is to ensure that the settlement agreement is "fair and reasonable to the plaintiff." *Barsa v. Beacon Health Options, Inc.*, 2020 WL 7240346, at *3 (S.D.N.Y. July 10, 2020) (citation omitted). It is irrelevant, under *Cheeks* and its progeny, whether the FLSA claims are dismissed with or without prejudice. *See Samake*, 24 F.4th at 810 ("[T]he logic of *Cheeks* as applied to Rule 41(a)(1)(A)(ii) dismissals with prejudice applies equally to Rule 41(a)(1)(A)(i) dismissals without prejudice."). Were the rule otherwise, as the *Samake* court explained, "parties could evade *Cheeks* review simply by negotiating a settlement and release, then filing a unilateral dismissal without prejudice rather than a stipulated dismissal." *Id.*

       Therefore, the Court will not approve the parties' stipulation, and the case remains open. By **March 6, 2024**, the parties shall submit their settlement, letter motion, and exhibits in support of the fairness of the settlement. The letter motion must explain why the proposed settlement is fair and reasonable and should discuss, at a minimum, the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement plaintiff's attorney shall be seeking as fees. *See Cheeks*, 796 F.3d at 202, 207.

Any request for attorneys' fees must be accompanied by supporting documentation. "In this circuit, a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (quoting *Wolinsky*, 900 F. Supp. 2d at 336).

Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form. *See id.* at 177 n. 44. In addition, absent compelling circumstances, the Court will not approve settlement agreements containing sweeping non-disclosure provisions, *see id.* at 179–80; *Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015), or broad releases waiving claims having no relation to FLSA issues, *see Flood*, 2015 WL 4111668, at *2.

The parties may consent to proceed before the Honorable Jennifer Willis, who would then oversee the approval of the settlement. If the parties consent to Judge Willis's jurisdiction, by **March 6, 2024**, they shall file a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form, available at https://nysd.uscourts.gov/node/754 on the docket. The parties are free to withhold consent without negative consequences. If the Court approves that form, all further proceedings will then be conducted before Judge Willis rather than before me. An information sheet on proceedings before magistrate judges is also attached to this order. Any appeal would be taken directly to the United States Court of Appeals for the Second Circuit, as it would be if the consent form were not signed and so ordered.

SO ORDERED.

Dated: February 7, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge