```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/8/2024_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ALGI CRAWFORD, XAVIER HARRISON,
and KEVEEN GORIS on behalf of
themselves and all others similarly situated,

                Plaintiffs,

-against-

                23 Civ. 7290 (AT)

LEEDING BUILDERS GROUP, LLC and
AECOM,

                **ORDER**

                Defendants.

ANALISA TORRES, District Judge:

        The complaint in this action alleges, among other things, that Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). *See* Compl. ¶ 5, ECF No. 1. On February 5, 2024, Plaintiffs submitted a notice of voluntary dismissal of this action without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See* ECF No. 28.

        On February 7, 2024, the Court refused to so-order the stipulation, holding that "[w]here parties have reached a settlement of an FLSA claim, they cannot voluntarily dismiss the action under Rule 41(a) as doing so would amount to an end-run around the Court's obligation to scrutinize the settlement for fairness." ECF No. 29 at 1 (citing *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 809–10 (2d Cir. 2022)). Rather, such settlements "require the approval of the district court or the [Department of Labor] to take effect." *Id.* (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). In a letter response to the Court, Plaintiffs' counsel now argues that "dismissal is proper . . . because [Plaintiffs] are pursuing their claims in arbitration" and "[c]oncurrent with the filing of the Notice of Voluntary Dismissal, [they] served counsel for the [D]efendants with [a] Notice of Arbitration Demand." ECF No. 30.

        Not so. Although FLSA claims are arbitrable, *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 123–24 (2d Cir. 2017), "[n]othing in *Cheeks*, *Samake*, or any post-*Samake* decision suggests that an FLSA settlement is exempt from judicial fairness review simply because it was reached while the case was stayed pending arbitration." *Melendez v. Cosan Constr. Corp.*, No. 21 Civ. 07426, 2023 WL 3336549, at *2 (S.D.N.Y. May 10, 2023). In fact, "district courts within our Circuit have uniformly held that" settlements reached when a case is stayed pending arbitration "must be reviewed [by the Court] for fairness like any other FLSA settlement." *Id.*; *accord Brittle v. Metamorphosis*, No. 20 Civ. 3880, 2021 WL 606244, at *2 (S.D.N.Y. Jan. 22, 2021).

        This matter has yet to be adjudicated through arbitration. As such, it remains possible that the parties will reach a private settlement outside the context of arbitration. Accordingly, the Court will not so-order the stipulation of dismissal, and the case remains open. All deadlines, however, are STAYED, and all conferences are VACATED pending the outcome of arbitration. By **April 15,**

**2024**, Plaintiffs shall file an update with the Court on the status of the arbitration and the adjudication of their claims.

SO ORDERED.

Dated: February 8, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge