# Law Office of Mohammed Gangat

675 3rd Ave, Su 1810, NY, NY 10017

(718) 669-0714  mgangat@gangatpllc.com

**VIA ECF**  April 26, 2024
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

      **RE:**   *Crawford et al. v. Leeding Builders Group, LLC,*
              No. 1:23-cv-07290-AT (S.D.N.Y.)

To The Honorable Judge Torres:

     I represent plaintiffs Algi Crawford, Xavier Harrison, Keveen Goris, and Damion Coppedge in this action ("Plaintiffs").  I write to seek settlement approval and dismissal of this action.  Defendants Leeding Builders Group, LLC and AECOM ("Defendants") have reviewed, and join in, this application for settlement approval and dismissal of the action.

     I.     Procedural Background

     This action was filed on August 17, 2023, as an action to recover unpaid overtime under the Fair Labor Standards Act ("FLSA").  Plaintiffs also brought related state law claims for unpaid overtime, frequency of pay violations under New York Labor Law ("NYLL") Section 191, and failure to provide accurate wage notices and wage statements pursuant to NYLL 195(1) and (3).  On February 5, 2023, Plaintiffs filed a Notice of Voluntary Dismissal without prejudice with the intention of pursuing their claims in arbitration.  At the same time, Plaintiffs served upon Defendants a notice of demand to arbitrate. On February 8, 2024, the Court explained to the parties that the Court would not So-Order dismissal, that the case remains open, and that by April 15, 2024, Plaintiffs must advise the Court on the status of the arbitration and adjudication of their claims. After serving the arbitration demands, the parties conferred about commencement of arbitration.  During these conversations, they continued to discuss settlement, in light of the high cost of arbitration.  As a result of an arm's-length negotiation, the parties reached resolution of the FLSA claims as memorialized in the enclosed settlement agreement.

     Now, as the parties have reached a settlement of the FLSA claims, they seek settlement approval and dismissal of the FLSA claims with prejudice and the remaining NYLL without prejudice.  *See Damian v. 5060 Auto Serv., Inc.*, 19 Civ. 9226 (AT), at *2 (S.D.N.Y. June 25, 2020) (Torres, J.) (dismissing NYLL claims after resolution of FLSA claims).

     As for the settlement of the FLSA claims, the parties through counsel, and the assistance of a private mediator, reached a settlement that has been memorialized in a written agreement titled Settlement Agreement and Release of Claims Under the Fair Labor Standards Act (the "Agreement").  A copy of the Agreement is attached hereto as Exhibit A.  The Agreement was fully executed as of April 18, 2024.  Based on the following, the parties jointly submit that the

Court should: i) approve the Agreement pursuant to *Cheeks v. v. Freeport Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and (ii) dismiss the case with prejudice.

   II.   Relevant Facts

In support of their FLSA overtime claim, Plaintiffs alleged that Defendants violated the overtime laws based on a policy of automatically deducting 30 minutes each day for a meal break when in fact employees did not always receive a 30 minute meal break in the manner required by law.  Specifically, Plaintiff Algi Crawford alleged being "unable to take a 30 minute lunch break approximately 30 times during his employment."  (Compl. para. 43.)  Plaintiff Xavier Harrison alleged that "he was unable to take a 30 min meal break while working for Defendants more than half the time."  Id. para. 48. Plaintiff Goris alleged that although he did "typically" get a break, it was frequently not at the scheduled time (noon).  (Id. para. 67-68.)

After the lawsuit was filed, Defendants produced records establishing that AECOM did not employ Plaintiffs, as that term is understood under section 3(d) of the FLSA, whether as a direct or joint employer.  Rather, these records indicated that Plaintiffs were solely employed by LBG.

Defendants also produced wage and hour records, and Plaintiffs conducted an expansive investigation into the FLSA claims.  In contrast to the allegations, Defendants provided evidence establishing that Plaintiffs' time sheets are verified on two difference levels.  First, Plaintiffs verified their time on a daily basis by signing off on electronically-submitted records.  Second, at the end of the week, Plaintiffs signed hard copy weekly time sheets, again verifying that their time was accurate.

Defendants also provided evidence confirming employees were provided wage-hour policies governing timekeeping and instructed on how to report any missed meal breaks or interrupted meal breaks.  Defendants advanced strong arguments that these policies are facially lawful.  Plaintiffs also recognized that Defendants' policies provided employees with an avenue to dispute their recorded time.  Indeed, Plaintiff's counsel's review of Defendants' produced records showed multiple positive hours adjustments made to Plaintiffs' hours.

   III.   Legal Standard

As the Court is aware, when Fair Labor Standards Act ("FLSA") claims are settled, the Second Circuit requires the Court to review and scrutinize settlements agreements to ensure fairness. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  The Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement.  It did, however, identify 'red-flag issues', such as if an agreement contains a confidentiality clause; the scope of the release and worries surrounding general releases; and counsel fees exceeding 40% of the settlement payment. *Cheeks*, 796 F.3d at 206.  Here, the release is limited to claims under the Fair Labor Standards Act.  There is no confidentiality clause, and counsel's fees are limited to

33.33 percent of the net recovery after accounting for costs incurred in the prosecution of this action. With none of the 'red-flags' from Cheeks present here, we now turn to a discussion of the Wolinsky factors.

To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm'slength bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60*, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id*. (citation omitted).

IV. Analysis of the *Wolinsky* Factors

a. *Factor No. 1*

The first factor is "the plaintiff's range of possible recovery." *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted). Based on the allegations and the dates worked in the wage and hour records provided by Defendants, and in a best case scenario for Plaintiffs, their calculated range of recovery as follows:

- Algi Crawford with 15 unpaid overtime hours, based on his allegations of being a full time employees, and on approximately thirty occasions when he was denied a 30 minute meal break. Mr. Crawford's regular rate was $22.00 per hour, his overtime rate $33.00 per hour, making his alleged 15 unpaid overtime hour claim's calculated value: $495.00 plus an equivalent amount in liquidated damages, and prejudgment interest at a rate of 9%.

- Plaintiff Xavier Harrison with 44.5 unpaid overtime hours, based on his having worked approximately 177 shifts, missing his lunch break half the time (89

- occasions). Mr. Harrison's regular rate was $22.00 per hour, his overtime rate $33.00 per hour, making his alleged 44.5 unpaid overtime hour claim's calculated value: $1,468.50, plus an equivalent amount in liquidated damages, and prejudgment interest at a rate of 9%.

- Plaintiff Keveen Goris with 61 unpaid overtime hours, based on his having worked approximately 122 shifts, missing his lunch break half the time (61 occasions. Mr. Goris's regular rate was $22.00 per hour, his overtime rate $33.00 per hour, making his alleged 61 unpaid overtime hour claim's calculated value: $2,013.00, plus an equivalent amount in liquidated damages, and prejudgment interest at a rate of 9%.

- Plaintiff Damion Coppedge with 12.5 unpaid overtime hours, based his having worked approximately 50 shifts, missing his lunch break half the time (25 occasions). Mr. Coppedge's regular rate was $22.00 per hour, his overtime rate $33.00 per hour, making his alleged 12.5 unpaid overtime hour claim's calculated value: $412.50, plus an equivalent amount in liquidated damages, and prejudgment interest at a rate of 9%.

In contrast, the verification of Plaintiffs' timesheets—both at a daily and weekly level—and Defendants' facially lawful wage-hour policies raise serious concerns if Plaintiffs could prove any liability or damages. Therefore, Plaintiffs could be left with nothing.

At this time, the parties have agreed to settle these claims for $5,000, excusive of attorneys' fee of $2,500, reflecting 33.33 percent of the total settlement amount. The parties submit that the first factor weighs in approval of settlement because the settlement will allow Plaintiffs to recover more than 100% of what they themselves calculate as the full amount of their unpaid overtime.

    b. *Factor No. 2*

The second factor is "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky*, 900 F.Supp.2d at 335 (quotations & citations omitted). This factor weighs heavily in favor of settlement approval. The parties have significant disputes including whether any overtime was worked, and whether Plaintiffs failed to follow policies concerning reporting of missed lunch breaks. The settlement will avoid what would be a long and protracted discovery process and trial.

    c. *Factor No. 3*

As to the third factor, which is "the seriousness of the litigation risks faced by the parties," *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted), Plaintiffs decided to enter into this settlement after a thorough investigation into the potential liability. This settlement allows Plaintiffs to

recover 100% of their calculated damages on their federal overtime claim while eliminating any risk of further litigation.

        d.   *Factor No. 4*

The fourth factor is "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," *Wolinsky*, 900 F.Supp.2d at 335(quotations & citations omitted). This agreement is fully the product of arm's length bargaining between experienced counsel. The settlement was made possible only after an extensive turn over of documents, review of the same, and day long mediation sessions with an experienced, third-party mediator.

In sum, the settlement is reasonable under all of the *Wolinsky* factors.

    V.   Reasonable Attorney's Fee

Under the Agreement, Plaintiffs' counsel will receive as an attorneys' fee for settlement of the FLSA claims $2,500.00 reflecting 33.33 percent of the $7,500.00 in settlement amount. The attorney's fee is reasonable.

A one-third contingency fee is "commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, 2015 U.S. Dist. LEXIS 71877, at *7 (E.D.N.Y. June 3, 2015) (collecting cases). *See, e.g. Gaspar v. Pers. Touch Moving, Inc.*, 2015 U.S. Dist. LEXIS 162243, at *5 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District"); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery). However, one-third is not the "'maximum fee percentage' that counsel may be awarded." *Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020). According to the Second Circuit, "[e]ven if helpful, however, the percentage of attorneys' fees cannot be the determinative factor in evaluating the reasonableness of the award." *Id.*

Here, the attorney's fee is one third of the net amount after expenses are taken out. Plaintiffs' attorneys' billing records reflecting work spent prosecuting the FLSA claims and NYLL claims on behalf of Plaintiffs is attached hereto as Exhibit B. The records show that at least 35.9 hours were spent by Plaintiffs' counsel. Plaintiffs' counsel is a 2009 graduate of Georgetown Law School and has been continuously licensed to practice in New York since 2012. Plaintiffs' counsel submits that an hourly rate of $500 is reasonable for purposes of a lodestar cross check and yields a lodestar of $500 x 35.9 - $17,950.00. The lodestar calculation reflects that the fee is very reasonable because assuming equal amount of time were spent on the FLSA and NYLL claims, we can reduce the $17,950.00 figure by 50%, which equals $8,975.00, and that number is still more than three times the $2,500.00 attorneys' fee award here.

In view of the foregoing, the Parties jointly and respectfully request that the Court approve the Settlement Agreement and dismiss this matter with prejudice.

The amount is reasonable given the practical factors of litigation risk, time and expense. In reaching the figure, the parties and their attorneys had multiple conversations and attended a court-ordered mediation resulting in the parties reaching a compromise. The settlement amount constitutes a substantial recovery of the plaintiff's FLSA damages, including his liquidated damages, without the need for the case to be tried to a verdict.

In all, the Agreement is in line with the mandate from *Cheeks* and satisfies the *Wolinsky* factors. The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement and permit the parties to submit the Stipulation of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court. We thank the Court for its time and attention to this matter.

Respectfully Submitted,
Law Office of Mohammed Gangat

_____
Mohammed Gangat, Esq.